**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Jesus GARCIA, Defendant– Appellant.**

No. 94–5028.

United States Court of Appeals, Tenth Circuit.

Nov. 8, 1994.

574

Gordon B. Cecil, (Stephen C. Lewis, U.S. Atty., and James L. Swartz, Asst. U.S. Atty., with him on the brief), Tulsa, OK, for plaintiff-appellee.

Jeffrey D. Fischer, Tulsa, OK, for defendant-appellant.

Before SEYMOUR, Chief Judge, MOORE and HENRY, Circuit Judges.

HENRY, Circuit Judge.

Defendant Carlos Jesus Garcia appeals the district court's enhancement of his sentence under the career offender provisions of the United States Sentencing Guidelines (USSG). For the reasons set forth below, we affirm the district court's ruling that Mr. Garcia cannot collaterally attack a predicate conviction under USSG § 4B1.1 in a federal sentencing proceeding.

## I. BACKGROUND

The relevant facts in this case are not in dispute. Mr. Garcia pled guilty to violating 21 U.S.C. § 841(a)(1) by distributing cocaine. A presentence report revealed that Mr. Garcia had a record of criminal convictions in Arkansas. The government sought to use one prior burglary conviction and two prior controlled substance convictions [1] to enhance Mr. Garcia's sentence pursuant to the Guidelines provision for career offenders, USSG § 4B1.1.

At the sentencing hearing, Mr. Garcia objected to the proposed enhancement. He testified that he did not commit the burglary in question but had entered a nolo contendere plea in order to receive a more favorable sentence. He also argued that he had been deprived of his Sixth Amendment right to effective assistance of counsel in the prior burglary proceeding because he was represented by the same attorney as his codefendant brother.

1. The two drug convictions were related and were treated as one offense under USSG § 4B1.1. *See* USSG § 4A1.2(a)(2) ("Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c).").

After requesting supplemental briefing, the district court held that Mr. Garcia could not collaterally attack the Arkansas burglary conviction. Invoking USSG § 4B1.1, the court sentenced Mr. Garcia to 151 months in prison.

## II. DISCUSSION

■ On appeal, Mr. Garcia argues that the district court erred in classifying the Arkansas burglary as a predicate offense under the career offender provisions of the Guidelines. He maintains that the district court should have considered both his claim that he did not actually commit the Arkansas burglary and his claim that he was deprived of his Sixth Amendment right to effective assistance of counsel in the Arkansas proceedings. Mr. Garcia contends that, upon considering these claims, the district court should have departed downward from the Guidelines range for career offenders. Because this case requires interpretation of applicable provisions of the Guidelines, we engage in de novo review. *United States v. Newsome*, 898 F.2d 119, 120 (10th Cir.), *cert. denied*, 498 U.S. 877, 111 S.Ct. 207, 112 L.Ed.2d 167 (1990) (reviewing career offender provisions).[2]

### A. Claim of Innocence

Mr. Garcia argues that USSG § 5K2.0 authorized the district court to consider his claim at the sentencing hearing that he did not commit the Arkansas burglary. USSG § 5K2.0 provides that a district court may impose a sentence outside the established range only if it finds " 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' " USSG § 5K2.0 (quoting 18 U.S.C. § 3553(b)). Therefore, we must determine whether Mr. Garcia's claim that he did not commit the Arkansas burglary constitutes a circumstance not adequately taken into consideration by the Commission in formulating the provisions of the Guidelines under which he was sentenced.

The district court sentenced Mr. Garcia under USSG § 4B1.1. Section 4B1.1 classifies individuals who have previously been convicted of certain kinds of crimes as "career offenders" and imposes lengthy minimum sentences. This section provides, in part:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least *two prior felony convictions of either a crime of violence or a controlled substance offense.*

USSG § 4B1.1 (emphasis added).

USSG § 4B1.2, defines "crime of violence" as:

(1) [A]ny offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) *is burglary of a dwelling,* arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2 (emphasis added).[3] The commentary accompanying USSG § 4B1.2 ex-

---

2. Although we have no jurisdiction to review a district court's discretionary decision refusing to depart downward, a district court's decision that it lacked authority to consider downward departure is subject to our review. *See United States v. Fox*, 930 F.2d 820, 824 (10th Cir.), *opinion after remand*, 943 F.2d 1218 (10th Cir.) *cert. denied*, —— U.S. ——, 112 S.Ct. 218, 116 L.Ed.2d 176 (1991).

3. Burglary of a business is not considered a violent crime under the Guidelines. This differ-

ence seems to be based upon the historical common law distinction between larceny and burglary of a dwelling. *See, e.g.,* Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 813, at 464 (1986). The Guidelines' distinction between these different kinds of burglaries is not followed in the Armed Career Criminal Act, 18 U.S.C. § 924(e), which generally classifies burglary as a violent crime. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

plains, "[T]he conduct of which the defendant *was convicted* is the focus of inquiry." USSG § 4B1.2 comment. (n. 2) (emphasis added).

In determining whether a prior conviction constitutes a crime of violence or a controlled substance offense under § 4B1.1, courts have undertaken several different kinds of inquiries. Some courts look only to the elements of the prior crime, as they are set forth in the statute under which the defendant was convicted. *See, e.g., United States v. Bauer,* 990 F.2d 373, 374–75 (8th Cir.1993) (per curiam) (concluding that statutory rape is by definition a violent crime and refusing to consider the defendant's claim that the sexual intercourse was consensual); *United States v. Wright,* 968 F.2d 1167, 1172 (11th Cir.1992) (per curiam) (reversing district court's reliance on underlying facts in determining that grand theft was a crime of violence), *rev'd on other grounds,* — U.S. —, 113 S.Ct. 2325, 124 L.Ed.2d 238 (1993); *United States v. Johnson,* 953 F.2d 110, 112– 115 (4th Cir.1991) (examining statutory elements and concluding that being a felon in possession of a firearm is not a crime of violence). In contrast, other courts examine the record in the prior proceedings—including charging documents, jury instructions, and statements and admissions of the defendant—in order to determine certain elements of the conviction that cannot be gleaned from the statute alone. *See, e.g., United States v. Young,* 990 F.2d 469, 472 (9th Cir.) (reviewing information in state court proceeding to determine that possession of a deadly weapon by a prison inmate constituted a crime of violence), *cert. denied,* — U.S. —, 114 S.Ct. 276, 126 L.Ed.2d 226 (1993); *United States v. Leavitt,* 925 F.2d 516, 517–18 (1st Cir.1991) (examining indictment in state court proceeding to determine that conviction for "high and aggravated oral threatening" constituted crime of violence). Still other courts examine the facts and circumstances surrounding the prior convictions, extending their inquiry beyond the record in the prior proceedings. *See, e.g., United States v. Chapple,* 942 F.2d 439, 442 (7th Cir.1991) (assessing underlying facts of a state weapons conviction); *United States v. Flores,* 875 F.2d 1110, 1112–13 (5th Cir.1989) (allowing,

inter alia, probation officer to testify in current proceeding in order to determine whether prior offense constituted burglary of a dwelling).

This court has limited its analysis of predicate offenses under USSG § 4B1.1 to the statutory elements and the record of the prior proceedings. In *United States v. Wagner,* 994 F.2d 1467 (10th Cir.1993), we held that a conviction for possession of a listed chemical, a violation of 21 U.S.C. § 841(d), did not constitute a "controlled substance offense" under USSG § 4B1.1. We declined to examine the conduct surrounding the conviction, noting that the definition of a controlled substance offense under USSG § 4B1.2 "does not permit reference to the relevant conduct; only the charged offense may be considered." *Wagner,* 994 F.2d at 1474.

In *United States v. Smith,* 10 F.3d 724 (10th Cir.1993) (per curiam), we reached a similar conclusion regarding the manner of determining whether a prior offense constituted "burglary of a dwelling" under USSG § 4B1.2. The California statute there at issue included burglary of both dwellings and non-dwellings. *Smith,* 10 F.3d at 733; *see also* Cal.Penal Code §§ 459, 460(b). As a result, it was not possible to determine whether the defendant's California burglary conviction constituted a crime of violence solely by examining the statute's terms. We concluded that a sentencing court "can look beyond the statutory count of conviction in order to resolve a patent ambiguity caused by a broad state statute." *Smith,* 10 F.3d at 733. However, we limited the scope of the sentencing court's examination to the following items from the prior proceeding: "the charging papers, judgment of conviction, plea agreement or other statement by the defendant for the record, presentence report adopted by the court, and findings by the sentencing judge." *Id.* at 734. We based this conclusion on *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In *Taylor,* the Supreme Court held that, in determining whether prior convictions constitute predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e), sentencing courts may examine the

charging papers and jury instructions in "a narrow range of cases" in which the statute defining the prior offense is broad enough to include both predicate and non-predicate offenses but in which the jury was actually required to find all the elements of the predicate offense. *Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160.

█ In this case, just as in *Wagner,* the applicable provisions of USSG § 4B1.1 and § 4B1.2 refer to "convictions" and "offenses" for crimes of violence rather than referring to the conduct and circumstances surrounding those convictions and offenses. As a result, in determining whether Mr. Garcia's prior burglary conviction constituted a predicate offense, we focus our inquiry on what was actually adjudicated in the prior proceeding.

In that regard, the record indicates that an information filed in Sebastian County, Arkansas, Circuit Court in July 1982 alleged that Mr. Garcia violated Ark.Code Ann. § 41–2002 by entering "an occupiable structure located at 500 North 12th # 23, with the purpose of committing therein a theft." Rec. vol. I, doc. 58, Ex. E. It is undisputed that Mr. Garcia pled nolo contendere to this charge. That plea establishes that, insofar as the career offender provisions of the Guidelines are concerned, Mr. Garcia was convicted of violating the Arkansas burglary statute. *See* USSG § 4B1.2, comment. (n. 4) (provisions of USSG § 4A1.2, regarding the computing of criminal history, apply to the counting of convictions under career offender provisions); USSG § 4A1.2(a)(1) (defining "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or *plea of nolo*

*contendere,* for conduct not part of the instant offense") (emphasis added).

Although the Arkansas statute under which Mr. Garcia was convicted, Ark.Code Ann. § 41–2002, concerns burglaries of both dwellings and non-dwellings, Mr. Garcia does not dispute that the building involved in the burglary at issue was a dwelling. Thus, Mr. Garcia's burglary conviction constitutes a crime of violence under USSG § 4B1.1 and § 4B1.2.[4]

█ We are unconvinced by Mr. Garcia's arguments that specific sections of the Guidelines authorize the sentencing court to consider his claim that he did not commit a predicate offense after having entered a nolo contendere plea to that very offense. USSG § 5K2.0, the provision on which he primarily relies, allows departure when aggravating or mitigating circumstances are not adequately considered by the Sentencing Commission in formulating the Guidelines. However, with regard to the career offender provisions here at issue, the Commission chose to refer to prior "offenses" and "convictions" rather than to prior conduct. The language used by the Commission indicates that, for purposes of determining whether an individual is a career offender under USSG § 4B1.1, the fact he has been convicted of an offense such as "burglary of a dwelling" that is specifically listed as a "crime of violence" forecloses further inquiry by the sentencing court. We agree with the Ninth Circuit's observation that it is unlikely that, in the absence of express language in the Guidelines, the Commission " 'would implicitly authorize ... ad hoc mini-trials regarding an individual's prior criminal conduct.' " *United States v. Selfa,*

---

4. At the sentencing hearing, the government presented evidence to support its contention that the Arkansas burglary conviction involved a dwelling. A probation officer testified that he reviewed the initial offense report filed by the Fort Smith Police Department and that the report described 500 North 12th, # 23 as a residence. The officer also stated that an Arkansas Department of Corrections admissions summary reported that, with regard to the subject offense, Mr. Garcia admitted entering a home and stealing a television. Finally, the officer testified that an Arkansas probation officer informed him that 500 North 12th, # 23 was an apartment and that it had been one when Mr. Garcia was charged

and convicted of the subject offense. Rec. vol. V, at 38–40.

By considering the testimony, the district court appears to have extended its inquiry regarding the prior conviction beyond the items that we listed in *Smith* (i.e., the charging papers, judgment of conviction, plea agreement or other statement by the defendant for the record, the presentence report adopted by the judge in the prior proceeding, and the findings by the judge in the prior proceeding). Nevertheless, because Mr. Garcia does not dispute that 500 North 12th, # 23 was a dwelling and does not object to the district court's consideration of extrinsic evidence, we will not disturb its finding.

918 F.2d 749, 751–52 (9th Cir.) (quoting *United States v. Sherbondy*, 865 F.2d 996, 1008 (9th Cir.1988)), *cert. denied*, 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 532 (1990).

We are also not persuaded by Mr. Garcia's argument that USSG § 4A1.3 authorized the district court to consider his claim of innocence. USSG § 4A1.3 gives a district court discretion to depart from the Guidelines when a defendant's criminal history "does not adequately reflect the seriousness of the defendant's past criminal conduct." USSG § 4A1.3. *See, e.g., United States v. Pinckney*, 938 F.2d 519, 520–21 (4th Cir.1991) (explaining USSG § 4A1.3). According to Mr. Garcia, because a district court can depart downward under USSG § 4A1.3 upon consideration of criminal history, a district court can similarly depart under USSG § 5K2.0 if an offender's prior convictions somehow overstate his criminal record.[5]

Mr. Garcia's argument ignores an important distinction between the departure authorized by USSG § 4A1.3 and the departure he requests here. Unlike the departure Mr. Garcia requests, departure under § 4A1.3 does not require the sentencing court to consider matters that have already been adjudicated in a prior prosecution. For example, in *United States v. Bowser*, 941 F.2d 1019, 1023–26 (10th Cir.1991) (per curiam), we affirmed the district court's downward departure under USSG § 4A1.3, on the basis of defendant's age at the time of the predicate convictions, the fact that the offenses were committed within two months of each other, and the fact that the defendant received concurrent sentences. We did not, however, authorize any inquiry into the validity of the predicate convictions themselves. We therefore find USSG § 4A1.3 inapposite.

In conclusion, neither the language of the Guidelines nor the caselaw interpreting them authorizes the district court to consider Mr. Garcia's claim of innocence as to the Arkansas burglary conviction. Thus, the district court did not err in refusing to depart downward from the Guidelines' sentencing range

for career offenders on the basis of this claim.

**B. Constitutional Challenge**

Mr. Garcia also contends that the district court erred in ruling that it lacked the authority at sentencing to consider his claim that he was deprived of his Sixth Amendment right to assistance of counsel in the Arkansas burglary proceeding. We begin our analysis of this argument by considering the commentary accompanying the career offender provisions of the Guidelines.

Application Note 4 to USSG § 4B1.2 states, "The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." USSG § 4B1.2, comment. (n. 4) (Nov.1993). In turn, Application Note 6 to USSG § 4A1.2 provides:

> *Reversed, vacated, or invalidated convictions.* Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) *have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law* (*e.g.*, 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

USSG § 4A1.2, comment. (n. 6) (Nov.1993) (emphasis added).

Application Note 6 to USSG § 4A1.2 was amended several times prior to the current version, and its history is instructive. In particular, a previous version of Application Note 6 provided, "Convictions which the *defendant shows to have been constitutionally invalid* may not be counted in the criminal history score." USSG § 4A1.2, comment. (n.

---

5. A review of the record indicates that, prior to sentencing, Mr. Garcia sought downward departure under USSG § 4A1.3 as well as under USSG § 5K2.0. Rec. vol I, doc. 62. However, the district court declined to depart under USSG

§ 4A1.3, and Mr. Garcia does not challenge this ruling on appeal. Instead, he argues here that the district court's authority to depart under USSG § 4A1.3 supports its authority to depart under USSG § 5K2.0.

6) (Nov.1989) (emphasis added). *See generally United States v. Mitchell,* 18 F.3d 1355, 1358–60 (7th Cir.1994) (discussing amendments to Application Note 6); *United States v. Isaacs,* 14 F.3d 106, 108–10 (1st Cir.1994) (same). Courts interpreted this language to allow the sentencing court to consider constitutional challenges to a prior conviction. *See, e.g., United States v. Guthrie,* 931 F.2d 564, 571 (9th Cir.1991); *United States v. Bradley,* 922 F.2d 1290, 1297 (6th Cir.1991); *see also United States v. McGlocklin,* 8 F.3d 1037 (6th Cir.1993) (collecting cases), *cert. denied,* —— U.S. ——, 114 S.Ct. 1614, 128 L.Ed.2d 341 (1994).

In 1990, the Sentencing Commission amended Application Note 6 to USSG § 4A1.2 to provide, "Sentences resulting from convictions that a defendant shows to have been *previously ruled constitutionally invalid* are not to be counted." USSG § 4A1.2, comment. (n. 6) (Nov.1990) (emphasis added). This language remained effective until November 1, 1993. As the First Circuit noted, the 1990–92 language did not address collateral challenges at sentencing, but simply instructed the sentencing court to disregard convictions that had previously been ruled unconstitutional. *Isaacs,* 14 F.3d at 109. However, a background note also added in 1990 stated, "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." USSG § 4A1.2, comment. (backg'd.) (Nov.1990).

Other circuits reached contrasting conclusions as to whether, under the 1990–92 language, a sentencing court could consider a defendant's constitutional challenge to a prior conviction at sentencing. Generally, the courts undertook two inquiries: (1) whether the Guidelines authorized such collateral attacks and, (2) whether, even if the Guidelines did not authorize such attacks, the sentencing court is constitutionally required to consider them.

For example, in *United States v. Vea-Gonzales,* 999 F.2d 1326 (9th Cir.1993), the court found the 1990–92 version of Application Note 6 ambiguous as to the issue of collateral attacks, but held that "the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." *Id.* at 1333. In contrast, the Second, Third and Fifth Circuits held that the language of the Guidelines gave the sentencing court broad discretion to consider a constitutional challenge to a prior conviction at sentencing, but did not require it to do so. *See United States v. Brown,* 991 F.2d 1162, 1166 (3rd Cir.1993); *United States v. Howard,* 991 F.2d 195, 199–200 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 395, 126 L.Ed.2d 343 (1993); *United States v. Jakobetz,* 955 F.2d 786, 805 (2nd Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992).[6] The First, Fourth, Eighth, and Eleventh Circuits reached yet another conclusion, finding that although the Guidelines did not require a sentencing court to consider all constitutional challenges to prior convictions, the Constitution does require a district court to consider specific kinds of constitutional claims. *See, e.g., Isaacs,* 14 F.3d 106, 110–12 (holding that a sentencing court must consider constitutional challenges to prior convictions only if the defendant alleges constitutional violations "so serious as to undermine the reliability of an entire criminal proceeding"); *United States v. Byrd,* 995 F.2d 536, 540 (4th Cir.1993) (quoting *United States v. Custis,* 988 F.2d

---

**6.** In an unpublished opinion, *United States v. McClennon,* No. 92–1049, 1993 WL 213829 (10th Cir. June 11, 1993) (unpublished), we stated, "If a defendant cannot supply a ruling demonstrating the invalidity of a prior conviction, it is up to the court to determine whether the defendant can mount a collateral attack on the prior conviction at sentencing." On the basis of the *McClennon* decision, the Seventh Circuit has grouped us with the Second, Third, and Fifth Circuits as holding that "it is within the district court's discretion, apparently without limitation, to entertain a defendant's collateral attack on prior convictions used at sentencing for enhancement purposes." *United States v. Mitchell,* 18 F.3d 1355, 1358 n. 3.

Under this court's general order of November 29, 1993, 151 F.R.D. 470 (1993), unpublished opinions are not binding precedent. As a result, we are not bound to follow *McClennon* here. In any event, as noted below, *McClennon*'s conclusion regarding a sentencing court's discretion to consider collateral attacks has been superseded by the most recent amendments to Application Note 6 to USSG § 4A1.2.

1355, 1362 (4th Cir.1993) (holding that a sentencing court must consider collateral attacks only when "prejudice can be presumed from the alleged constitutional violation, regardless of the facts of the particular case")), *cert. denied,* —— U.S. ——, 114 S.Ct. 2140, 128 L.Ed.2d 868 (1994); *United States v. Roman,* 989 F.2d 1117, 1120 (11th Cir.1993) (per curiam) (holding that the Constitution requires the sentencing court to consider challenges only when a defendant "sufficiently asserts facts that show that an earlier conviction is 'presumptively void' ").

In the 1993 amendment to Application Note 6, the Sentencing Commission clearly sought to resolve this conflict in the circuits, at least insofar as it concerned the authority granted to sentencing courts by the Guidelines to consider collateral attacks on prior convictions. In particular, in the 1993 amendment the Commission deleted the section of the background note that stated: "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." Moreover, the Commission explained the 1993 amendment as follows:

> This amendment also clarifies the Commission's intent with respect to whether § 4A1.2 confers on defendants a right to attack prior convictions collaterally at sentencing, an issue on which the appellate courts have differed. This amendment addresses this inter-circuit conflict in interpreting the commentary by stating more clearly that the Commission does not intend to enlarge a defendant's right to attack collaterally a prior conviction at the current sentencing proceeding beyond any right otherwise recognized in law.

USSG App. C, amend. 493 (Nov.1993) (citations omitted).

■ The Commission has thus rejected the more expansive assessments of the authority granted by the Guidelines to consider collateral attacks on prior convictions.

Therefore, those decisions interpreting the Guidelines to grant the sentencing court broad discretion to consider collateral attacks on prior convictions, including our decision in *McClennon,* have been superseded by the Commission's latest pronouncements. Applying the most recent language of the Guidelines and the accompanying commentary, we conclude that a district court may consider a constitutional challenge to a prior conviction at sentencing only if the right to make such a challenge is "otherwise recognized in law." USSG § 4A1.2, comment. (n. 6) (Nov.1993).

In the case before us, Mr. Garcia has identified no statute, rule, or regulation independent of the Guidelines (i.e., "otherwise recognized in law") that authorizes the collateral attack that he seeks to make here. Thus, the district court should have considered Mr. Garcia's claim only if it was constitutionally required to do so.

In *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court recently clarified the constitutional requirements governing sentencing courts' consideration of collateral attacks on prior convictions. In *Custis,* the Court affirmed the Fourth Circuit's ruling that a defendant could not collaterally attack prior convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e),[7] on the grounds that he had received ineffective assistance of counsel in the prior proceedings.

The Court considered both the provisions of the ACCA and independent constitutional requirements regarding such collateral attacks. As to the ACCA, the Court reasoned, "The statute focuses on the *fact* of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors before it may be counted." *Custis,* —— U.S. at ——, 114 S.Ct. at 1736 (emphasis in original).[8]

---

7. The ACCA provides for enhanced sentences for prior felons who possess firearms in violation of 18 U.S.C. § 922(g), and who have "three previous convictions ... for a *violent felony or a serious drug offense.*" 18 U.S.C. § 924(e) (emphasis added).

8. The court contrasted the ACCA with another statute, 21 U.S.C. § 851(c)(1) (part of the Drug Abuse Prevention and Control Act of 1970), that sets forth specific procedures allowing a defendant to challenge a prior conviction that the government seeks to use to enhance a sentence for a federal drug offense.

As to constitutional requirements, the Court found "a historical basis in our jurisprudence of collateral attacks for treating the right to have counsel appointed as unique." *Id.* at ——————, 114 S.Ct. at 1737–38. Therefore, the Court held that with the sole exception of convictions obtained in complete violation of the right to counsel, a defendant has no right at sentencing to collaterally attack the convictions used to enhance his sentence under the ACCA.

The *Custis* Court emphasized two policy bases for its decision: finality of judgments and comity. First, the Court reasoned that allowing a defendant to collaterally attack predicate convictions would delay proceedings and erode confidence in judicial institutions: " '[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." *Id.* at ——, 114 S.Ct. at 1739 (quoting *United States v. Addonizio,* 442 U.S. 178, 184 n. 11, 99 S.Ct. 2235, 2240 n. 11, 60 L.Ed.2d 805 (1979)). Second, the Court concluded that it would not be appropriate for a district court to review a state court judgment, except in the habeas corpus context.[9] The *Custis* Court emphasized that such review would " 'deprive [the] [state court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t].' " *Id.* at ——, 114 S.Ct. at 1739 (quoting *Parke v. Raley,* —— U.S. ——, ——, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992)) (alterations in original).

We find the *Custis* Court's analysis controlling. In particular, the Court's distinction between collateral attacks based on the complete denial of counsel and collateral attacks based on other constitutional claims applies equally to sentencing proceedings under the Guidelines and under the ACCA. *See United States v. Jones,* 27 F.3d 50, 52 (2d Cir.1994) (per curiam) ("[T]he [*Custis* ] Court's independent constitutional ruling applies whether the sentence enhancement is imposed pursuant to the ACCA, the Sentencing Guidelines ..., or any other statutory scheme providing for sentence enhancement on the basis of prior felony convictions."); *United States v. Jones,* 28 F.3d 69, 70 (8th Cir.1994) (per curiam) (applying *Custis,* as we do here, to bar collateral attack on prior conviction used for enhancement under career offender provisions of the Guidelines).

■■■ Therefore, applying *Custis,* we hold that with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under the career offender provisions of the Guidelines cannot consider a collateral attack on a prior conviction.[10] Because Mr. Garcia did not allege a complete denial of counsel in the Arkansas burglary proceeding, the district court did not err in refusing to consider his constitutional challenge.

■■■ However, we note that criminal defendants have other means available to them to attack alleged infirmities in prior convictions. In particular, as the *Custis* Court observed, a defendant may attack a predicate conviction through a petition for a writ of habeas corpus. Indeed, habeas is the traditional channel in English and American law for collaterally attacking a conviction. *See generally* Wayne R. LeFave & Jerold H. Israel, 3 *Criminal Procedure* § 27 (1984). If a defendant is able to effectively attack his prior convictions, "he may then apply for

---

9. Policymakers and scholars may wish to consider Justice Souter's thoughts concerning the desirability of giving a district court the discretion to conduct a habeas review at the time of sentencing. Justice Souter suggests that it may be considerably more efficient for a district court to entertain collateral attacks at sentencing than for a different court to later conduct a habeas review. *Custis,* —— U.S. at ——————, 114 S.Ct. at 1746–47 (Souter, J., dissenting) ("From the perspective of administrability, it strikes me as entirely sensible to resolve any challenges to the lawfulness of a predicate conviction in the single sentencing proceeding, especially since defendants there will normally be represented by counsel, who bring efficiency to the litigation (as well as other equitable benefits).").

10. In his dissent in *Custis,* Justice Souter rejects the majority's distinction between collateral attacks based on the complete denial of counsel and collateral attacks based on other constitutional claims. *Custis,* —— U.S. at ——————, 114 S.Ct. at 1743–45 (Souter, J., dissenting). However, the *Custis* majority's ruling requires us to apply this distinction in sentencing proceedings under the Guidelines.

reopening of any federal sentence enhanced by the state sentences." *Custis,* —— U.S. at ——, 114 S.Ct. at 1739; *see also United States v. Allen,* 24 F.3d 1180, 1187–88 (10th Cir.1994).

### III.  CONCLUSION

In summary, we find that the district court properly concluded that, in sentencing Mr. Garcia under the career offender provisions of the Guidelines, it could not consider his collateral attacks on the prior Arkansas burglary conviction.  Therefore, the decision of the district court is **AFFIRMED.**