56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin Dale FRAZEE, aka Marvin Dale, Defendant-Appellant.
 No. 94-8091.
 United States Court of Appeals, Tenth Circuit.
 May 31, 1995.
 
 1
 Before MOORE and EBEL, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Marvin Dale Frazee appeals the sentence imposed by the district court following a jury verdict finding him guilty of both counts of a two-count indictment. Defendant's sentence was enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. 924(e).
 
 
 4
 Defendant challenges the validity of one of the convictions used for enhancement arguing it was obtained in violation of his constitutional rights. The district court refused to consider defendant's objection, holding that the Supreme Court's decision in Custis v. United States, 114 S.Ct. 1732 (1994) foreclosed his argument. We agree.
 
 
 5
 In Custis, the Court held that a defendant may not collaterally attack the validity of previous state convictions used to enhance his federal sentence under 924(e) unless the challenged conviction was obtained in violation of his right to counsel. Id. at 1734; see also United States v. Garcia, 42 F.3d 573, 581 (10th Cir.1994)(district court sentencing a defendant under 924(e) cannot entertain a collateral attack on a prior conviction except for one asserting complete denial of counsel).
 
 
 6
 Defendant admits, and the record shows, the challenged conviction was counseled. Defendant may not challenge his conviction now, although he may do so later through a federal habeas petition after exhaustion of his state court remedies. See Custis, 114 S.Ct. at 1739; Garcia, 42 F.3d at 581.
 
 
 7
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470