60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
Rico PURIFOY, Defendant--Appellant.
 No. 94-1318.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 Before TACHA, BRORBY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Rico Purifoy was charged with possessing cocaine with intent to distribute in violation of 21 U.S.C. 841(a) and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c). The district court denied defendant's motions to suppress certain statements and physical evidence, and a jury convicted defendant of both charges. Defendant was sentenced to 111 months imprisonment, and he now appeals. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I.
 
 2
 On November 5, 1993, a citizen named James Stanford reported to police that a black male driving a bronze or rust-colored car may have been trafficking narcotics in Mr. Stanford's Denver neighborhood. Earlier that day, Officer Gregory Romero had heard that a vehicle with a similar description had been seen in an area where a "drive-by" shooting had occurred.
 
 
 3
 Officer Romero went to the area to investigate Stanford's report. He met Mr. Stanford, who pointed out the vehicle to the officer. As Officer Romero approached the vehicle in the patrol car, he saw a man standing outside the car but leaning in to talk to the driver, defendant Rico Purifoy. Once defendant spotted the officer, he quickly exited the car and walked away rapidly. As he exited the car, defendant held his pocket and motioned around his waistband, leading Officer Romero to believe that defendant may possess a firearm. Officer Romero then drew his weapon, at which point defendant's companion, Alvin Whitmill, ducked, perhaps because he was expecting gunfire. Defendant eventually escaped from Officer Romero's view. Officer Romero later testified that these circumstances led him to believe that he had witnessed a drug transaction.
 
 
 4
 Officer Romero then contacted Officers Boyles and Freund through the police radio. They informed Officer Romero that they had recently seen someone matching defendant's description in the area they were patrolling. Officer Romero placed Mr. Whitmill in the patrol car and drove to assist Officers Boyles and Freund in apprehending defendant.
 
 
 5
 The officers found defendant hiding in some bushes. They searched him for weapons, handcuffed him, and placed him near Boyles' car. Officer Romero then removed Whitmill from the vehicle. As Mr. Whitmill exited the car, Officer Romero noticed a rock of crack cocaine lying on the seat where Mr. Whitmill had been sitting. Because the car was brand new, Officer Romero knew that the crack cocaine belonged to Mr. Whitmill. Mr. Whitmill admitted that the crack cocaine was his and that he possessed another rock on his person.
 
 
 6
 Romero again contacted the police dispatch. As he and the dispatcher were discussing the drive-by shooting, defendant volunteered the following information: "I know about the drive-by. I can help you guys out. I want to talk."
 
 
 7
 Mr. Stanford subsequently arrived on the scene and identified defendant. Officer Boyles learned that defendant was wanted on at least one outstanding warrant for a traffic violation. The officers then placed defendant under arrest.
 
 
 8
 The officers returned to the area where Romero first encountered defendant and Mr. Whitmill, where defendant's car was still parked. They decided to tow the vehicle. After a search of the interior of the vehicle, the officer discovered a semiautomatic pistol and bags of powder cocaine under the seats.
 
 
 9
 The government indicted defendant for possession with intent to distribute cocaine and use of a firearm in a drug trafficking crime. Defendant moved to suppress statements he made to police and physical evidence, but the district court denied these motions. A jury then found defendant guilty on both counts. The court sentenced defendant to 111 months in prison, basing that sentence in part on defendant's prior juvenile conviction.
 
 II.
 A.
 
 10
 At the motion to suppress, the government argued (among other things) that there was "probable cause to believe that [defendant's] vehicle had been involved in at least an attempt at a drug transaction."[2] In connection with this argument, the district court ruled that "there exists full probable cause to believe that this vehicle was evidence of drug transactions." When reviewing a district court's denial of a motion to suppress evidence, we accept the trial court's factual findings unless they are clearly erroneous. United States v. Pea, 920 F.2d 1509, 1514 (10th Cir.1990), cert. denied, 501 U.S. 1207 (1991). But "the ultimate question of the reasonableness of a search or seizure is a question of law that we review de novo." United States v. Angulo-Fernandez, No. 94-4043, 1995 WL 257255, at * 2 (10th Cir. May 3, 1995).
 
 
 11
 "It is well established that a warrantless search of an automobile based on probable cause does not violate the Fourth Amendment." United States v. Arzaga, 9 F.3d 91, 94 (10th Cir.1993). Thus, "[a] vehicle which is lawfully stopped may be searched without a warrant if there is probable cause to believe it contains contraband or evidence of a crime." United States v. Nicholson, 17 F.3d 1294, 1297 (10th Cir.1994). "Probable cause to search a vehicle is established if, under the totality of the circumstances' there is a fair probability' that the car contains contraband or evidence." United States v. Nielsen, 9 F.3d 1487, 1489-90 (10th Cir.1993) (emphasis omitted) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).
 
 
 12
 In this case Officer Romero had accumulated the following information when the officers searched the vehicle: Officer Romero had observed Mr. Whitmill leaning into defendant's car, and the officer believed, based on his experience, that defendant and Mr. Whitmill were engaging in a drug transaction; defendant had fled when Officer Romero approached the area; and Whitmill had admitted to possessing two rocks of crack cocaine. We find that, based on the totality of the circumstances, there was a fair probability that the automobile contained evidence of a crime or contraband. Consequently, the officers had probable cause to search the vehicle, so the search did not violate the Fourth Amendment.
 
 B.
 
 13
 Defendant next contends that he was improperly sentenced because the trial court considered a juvenile conviction even though it appears that an attorney was not present when defendant pled guilty. This argument is foreclosed by Custis v. United States, 114 S.Ct. 1732 (1994). In Custis, the defendant challenged the use of a prior conviction to enhance his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e), claiming that the prior conviction was obtained unconstitutionally. Custis, 114 S.Ct. at 1735. The Court ruled that the ACCA did not allow a defendant to challenge the constitutionality of a prior conviction. Id. at 1736.
 
 
 14
 The defendant further argued that, regardless of the ACCA's provisions, the Constitution requires courts to entertain collateral attacks to prior convictions. Id. at 1737. The Court disagreed, holding that a defendant can attack a previous conviction in a later sentencing proceeding only if she can show "a jurisdictional defect resulting from the failure to appoint counsel at all." Id. at 1738 (emphasis added). All other constitutional errors, including "claims of ineffective assistance of counsel" and "failure to assure that a guilty plea was voluntary," are immune from collateral attack in a sentencing proceeding. Id.; see also United States v. Garcia, 42 F.3d 573, 580-81 (10th Cir.1994) (discussing Custis ).
 
 
 15
 Defendant has not identified any sentencing guideline rule that would allow him to attack the prior conviction, and we therefore consider only the constitutional element of his claim. See Garcia, 42 F.3d at 580. Defendant admits that he was assigned counsel in the juvenile conviction; he only claims that "it was [not] a knowledgeable intelligent plea" because "[i]t was entered without assistance of counsel." But the state did, in fact, appoint counsel. The docket roles indicate that Laurie Crystal, deputy state public defender, appeared at one point for defendant. Consequently, the conviction was not "obtained in complete violation of the right to counsel," id. at 581, and defendant may not collaterally attack the prior conviction.
 
 III.
 
 16
 The officers had probable cause when they searched defendant's vehicle, and the district court properly included a prior juvenile conviction in assessing defendant's sentence. The conviction and sentence are therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The government also argued at the motion to suppress and on appeal that the search was an inventory search pursuant to a valid impoundment and that it was a search incident to arrest. Because we decide the district court correctly denied the motion on other grounds, we do not address those issues here