**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAMON GRIJALVA VALDEZ, also
known as Ramon Gridalva, also known
as Ramon Perez, also known as Ramon
Gridalva Valdez,

      Defendant-Appellant.

No. 03-4125

(D.C. No. 2:00-CR-276-PGC)

(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE, McKAY** , and **HARTZ** , Circuit Judges.

---

Defendant Ramon Grijalva Valdez appeals the sentence imposed following

his guilty plea to distribution of a controlled substance in violation of 21 U.S.C.

§ 841. At sentencing the district court assessed three criminal-history points

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

based on a previous Utah state-court conviction for driving under the influence, and sentenced him accordingly. Defendant contends the court should not have relied on the state conviction to determine his criminal history because he had not been provided a qualified interpreter when he pleaded guilty in state court, contrary to the constitutional guarantee of due process of law. We agree with the district court that federal sentencing proceedings are not the proper forum to challenge his state-court conviction on this ground. We therefore affirm the district court.

## I.  BACKGROUND

Defendant pleaded guilty to distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 63 months in prison, followed by 48 months of supervised release. In calculating the applicable sentencing range, the district court assessed three criminal-history points because of a 1996 Utah state-court conviction for driving under the influence. Of those three points, one was assessed for the conviction itself and two points were assessed because Defendant was still on probation at the time of his federal drug-distribution offense. These were Defendant's only criminal-history points.

Defendant asserts that when he pleaded guilty in Utah state court, he did not speak English and no court-approved interpreter was provided for him. He

was sentenced to 60 days in jail; but his sentence was suspended and he was placed on probation for one year.

## II.    ANALYSIS

A defendant in a federal sentencing proceeding has no constitutional right to challenge the validity of a previous state conviction used to enhance his sentence, except on the ground that the state conviction was "obtained in violation of the right to counsel." Custis v. United States, 511 U.S. 485, 487 (1994). See United States v. Garcia, 42 F.3d 573, 578-81 (10th Cir. 1994). Additionally, Defendant points to no statute, rule, or regulation authorizing him to challenge the validity of his prior conviction. Because Defendant challenges his state conviction on a ground other than denial of the right to counsel, we reject the challenge.

## III.    CONCLUSION

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge