**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert David NICHOLSON,**
**Defendant–Appellant.**

No. 93–4023.

United States Court of Appeals,
Tenth Circuit.

Feb. 25, 1994.

Randy S. Ludlow, Salt Lake City, Utah, for Defendant–Appellant.

Stewart C. Walz, Assistant United States Attorney, Salt Lake City, Utah (Scott M. Matheson, Jr., United States Attorney, and Tiffany Romney, Special Assistant United States Attorney, with him on the Brief), for Plaintiff–Appellee.

Before SEYMOUR, Chief Circuit Judge, MOORE, Circuit Judge, and BROWN,* Senior District Judge.

* The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

WESLEY E. BROWN, Senior District Judge.

The defendant Robert David Nicholson was indicted on a charge of possession of cocaine, a controlled substance, with intent to distribute in violation of Title 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and 18 U.S.C. § 2. He filed a motion to suppress evidence seized from his truck, but after a hearing before a United States Magistrate, a recommendation was made that the motion be denied. The report and recommendation of the magistrate was adopted by the district court. After a two-day jury trial on November 19 and 20, 1992, Nicholson was found guilty of the charge and was sentenced to 240 months' imprisonment.

The evidence concerning the search and seizure was as follows. On June 29, 1992, at 9:40 a.m., Officer Paul V. Mangelson, a 25-year veteran of the Utah Highway Patrol, was travelling north on Interstate 15 just south of Nephi, Juab County, Utah. At that time, he saw a 1972 Chevrolet pickup truck driving erratically, crossing the lane dividers on a couple of occasions. Mangelson pulled behind the truck and followed it for over one-half mile. Because of the truck bed, Mangelson could not see the occupants of the vehicle. When the truck exited the interstate, no turn signal was given, and Mangelson pulled the truck over because of erratic driving and failure to signal, both of which violated Utah law.

When the officer approached the truck and its occupants, he noticed a strong odor of burnt marijuana. He recognized this odor because of his lengthy service as a law enforcement officer. Defendant Nicholson was driving the truck and Simon Hid–Lopez, later discovered to be an illegal alien, was riding as his passenger.[1]

Mangelson asked for a driver's license and registration for the truck. Nicholson provided a California license which bore his correct name, but he said he had just bought the truck for $300 and did not have its registration. He did provide Nicholson with a registration for a 1972 Ford van, but the VIN numbers on the two vehicles did not match.

Mangelson asked Nicholson to follow him back to the patrol car while he ran a check on the truck. At this time, Nicholson told Mangelson that he was going to Salt Lake City to do some fishing, but he did not know where he was going fishing and he did not have a valid Utah fishing license.

Mangelson learned from dispatch that the truck was in fact registered to Nicholson. Mangelson asked the defendant whether there was any contraband in the truck—Nicholson replied "No." But in response to the officer's question he did state that, while he used marijuana, he had no marijuana with him.

Nicholson then asked for and was given permission to search the truck. It should be noted that the stop and search were recorded on videotape. In making his findings, the magistrate viewed this tape and found that "(W)hen asked to consent to the officer looking in the vehicle, the defendant gave a very animated consent to the search. It is rather apparent defendant was feeling confident and did not believe the very secret compartment would be detected."[2]

After obtaining consent, the officer patted down Nicholson and Hid–Lopez and found a brownish-orange material in Nicholson's right pocket. Defendant told the officer that this substance was "speed." This was later tested and found to be methamphetamine.

In the interior of the truck, Mangelson found a jacket which Nicholson claimed as his. Inside the jacket, Mangelson found a bag of marijuana. When the officer opened the glove compartment, he found the correct registration for the truck in Nicholson's name, but Nicholson stated that he did not know the registration was there. Inside the truck, the officer found a road atlas with

---

1. Hid–Lopez was indicted as a codefendant in the case, but the charge against him was dismissed prior to trial.

2. A search of the vehicle revealed the location of a secret compartment later found to contain cocaine. See *infra*. The magistrate noted that the videotape "shows the officer expressed some confusion about the hidden compartment until he had made a careful examination of the vehicle and his opinion was corroborated by other officers who arrived at the scene."

markings for a route from California to New York and a Bible with Nicholson's name on it. In the camper portion of the truck, the officer noted a spare tire that was not mounted on a rim, and he noticed that there was no spare tire or spare tire carriage underneath the back of the truck which is the customary place for a spare tire in that type of truck. When Mangelson looked at the undercarriage of the truck, he found it had been freshly painted and that mud had been dabbed on or thrown against the fender well. He also noticed fresh markings on the undercarriage bolts, indicating that they had recently been removed. He also found that the rear bumper on the vehicle appeared to have been altered by adding an extension piece about four to five inches high, and there were scratches on the bumper bolts, indicating that they had recently been removed.

From all of these observations, Mangelson concluded that there was a dead space or hidden compartment under the bed of the truck. Nicholson and Hid–Lopez were arrested for the small amount of narcotics found, and a search warrant was obtained to search the bed of the truck.

After obtaining this warrant, Mangelson removed the camper shell and the bed of the truck using tools that he found in the truck. This revealed a hidden compartment containing 95 packages of a white powder substance. A field test and later laboratory tests confirmed that this substance was cocaine.

In this appeal, Nicholson contends that the search of his vehicle and the items found there and evidence of his possession of drugs at the scene should have been suppressed. He also contends that the evidence was insufficient to support the conviction and that he improperly received a twenty-year minimum mandatory sentence.

With reference to the search, Nicholson agrees he admitted that he smoked marijuana and that he gave the officer permission to search. He contends, however, that once the marijuana was found, the officer went on an unauthorized "fishing expedition," looking for additional evidence of other crimes, and that the officer had no probable cause to do so. In this manner, Nicholson contends that the only consent given was consent to search the cab of the truck, and that the officer had no probable cause to search the entire vehicle.

■ In reviewing the denial of a motion to suppress, the district court's findings of fact must be accepted unless they are clearly erroneous; and the evidence will be considered in the light most favorable to the ruling. The question of the reasonableness of the search is a conclusion of law to be reviewed *de novo* by this appellate court. *U.S. v. Soto*, 988 F.2d 1548, 1551 (10th Cir.1993). Following our review of the record, we conclude that the district court did not err in denying motion to suppress.

■ The search of the entire truck, including the undercarriage, was reasonable under the circumstances described above. A vehicle which is lawfully stopped may be searched without a warrant if there is probable cause to believe it contains contraband or evidence of a crime. *U.S. v. Rodriguez–Pando*, 841 F.2d 1014, 1017 (10th Cir.1988). Here, Mangelson, an experienced officer, recognized the smell of marijuana as he approached the truck, and Nicholson admitted that he had used marijuana. "... the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage." *U.S. v. Morin*, 949 F.2d 297, 300 (10th Cir.1991). Once there is probable cause for a search, an officer has authority to search the entire vehicle. *U.S. v. Ashby*, 864 F.2d 690 (10th Cir.1988) *cert. denied*, 494 U.S. 1070, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990). Thus, in *U.S. v. Loucks*, 806 F.2d 208 (10th Cir.1986), the patrolman, who had smelled marijuana on the vehicle driver, searched the interior of the vehicle and found marijuana. He then proceeded to search the trunk of the vehicle where he found a large quantity of marijuana. This court held that "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." 806 F.2d at 210, quoting *U.S. v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982).

In Nicholson's case, there was more than the mere smell of marijuana to establish probable cause. While he stated he had just

bought the truck for $300, he gave the officer a title to a 1972 Ford when the vehicle was a 1972 Chevrolet. Nicholson told Mangelson he was going to fish in the Great Salt Lake, but he did not have a fishing license. Officer Mangelson testified that he had a "strong suspicion" that Nicholson was impaired from marijuana.

When the officer looked over the vehicle, he noted other suspicious circumstances, including mud found only in the fender well, and the four- or five-inch difference in the truck bottom and the floor which indicated a hidden compartment designed to carry contraband.

■ The evidence further established that Nicholson gave his consent to the search, the consent was voluntary, the consent was not limited to searching the cab of the truck, and the consent was never revoked. The district court properly found that the "search was made of an obvious place where contraband might be located, and was properly within the scope of the consent given." The denial of the motion to suppress was proper due to the existence of probable cause and consent.

■ Nicholson also contends that the court abused its discretion in admitting evidence of defendant's possession and use of marijuana and methamphetamine.[3]

This court will not reverse for an abuse of discretion unless we find that the district court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *U.S. v. Carter*, 973 F.2d 1509, 1513 (10th Cir.1992), citing *U.S. v. Ortiz*, 804 F.2d 1161, 1164, n. 2 (10th Cir.1986). Here, the United States filed a Notice of Intention to use this evidence because such evidence was "inextricably intertwined" with the crime charged and because the evidence

was admissible under Rule 404(b), Federal Rules of Evidence.[4] The trial court made an explicit finding that the evidence of other drugs was "inextricably intertwined with the charged offense" and granted the motion to introduce such evidence.

The fact that Nicholson possessed marijuana and methamphetamine, and that he falsely denied this possession, is probative evidence going to his knowledge, state of mind, intent, motive, and absence of mistake in determining whether he knowingly possessed the cocaine found in the hidden compartment of the truck. In this respect, such evidence was "inextricably intertwined" with the charged offense and was admissible under Rule 404(b), Federal Rules of Evidence. There was no error in admission of such evidence. See *U.S. v. Doran*, 882 F.2d 1511, 1523–1524 (10th Cir.1989).

■ Nicholson's argument that the evidence was insufficient to convict him on the charge of possession of a controlled substance with intent to distribute is without merit. Evidence is sufficient to support a conviction when direct and circumstantial evidence, together with reasonable inferences to be drawn from such evidence, would lead a jury to find a defendant guilty beyond a reasonable doubt. *U.S. v. Ray*, 973 F.2d 840, 842 (10th Cir.1992).

In this case, the jury was required to find that Nicholson knowingly possessed a controlled substance and that he intended to distribute that substance. The evidence established that defendant knowingly possessed the cocaine found in the hidden compartment because the truck was registered in his name, and he was the only person driving the truck. The truck contained his personal items, including a Bible with his name on it, and a van registration in his name. The

3. Evidence was introduced that at the time of his arrest Nicholson had in his possession both marijuana and methamphetamine, both controlled substances, that he admitted having recently used marijuana, and that he denied having any marijuana and denied knowing what the methamphetamine was or where it came from.

4. Rule 404(b), Federal Rules of Evidence, provides in pertinent part that:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a

person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

evidence likewise established a knowing possession by reason of defendant's false statements, evasions, and contradictory statements.[5]

An intent to distribute may be inferred from the possession of a large quantity of a controlled substance. *U.S. v. Powell*, 982 F.2d 1422, 1430 (10th Cir.1992) *cert. denied*, — U.S. —, 113 S.Ct. 2361, 124 L.Ed.2d 268. The hidden compartment of the truck contained 95 kilos of cocaine, packaged in a like number of packages. A drug enforcement agent testified that, when broken down and distributed in personal use quantities, those 95 kilos could be sold for over $30,336,000.00. (Vol. III, Record, p. 71)

All of the direct and circumstantial evidence, together with reasonable inferences derived from that evidence, was sufficient for the jury to find that Nicholson knowingly possessed the cocaine with intent to distribute.

Nicholson next contends that his sentence of 240 months amounts to cruel and unusual punishment in violation of the Eighth Amendment of the Constitution. When a sentence is within the sentencing guidelines, this court generally will not find the sentence to be cruel and unusual. See *U.S. v. Hughes*, 901 F.2d 830, 832 (10th Cir.1990), *cert. denied* 498 U.S. 859, 111 S.Ct. 163, 112 L.Ed.2d 128. Prior to trial, the United States filed an information, as required by 21 U.S.C. § 851, stating that it intended to rely on Nicholson's previous drug conviction.[6]

Under 21 U.S.C. § 841(b)(1)(A), the prior conviction subjected defendant to a twenty-year minimum mandatory term of imprisonment. Such a sentence has previously been upheld by this circuit. *See U.S. v. Pena*, 920 F.2d 1509, 1517–1518 (10th Cir.1990) *cert.*

*denied*, — U.S. —, 111 S.Ct. 2802, 115 L.Ed.2d 975 (1991).

The base level offense for possession with intent to distribute 95.05 kilos of cocaine is at Level 36, and the prior conviction established a criminal history category of II. U.S. Sentencing Guidelines § 2D1.1, and § 5A. Under these guidelines, the range of imprisonment would be 210 to 262 months. Defendant's sentence of 240 months was clearly within those guidelines.

Under the evidence discussed above, we must conclude that Patrolman Mangelson had probable cause to search defendant's entire vehicle, that defendant consented to such search, that the district court properly admitted evidence concerning defendant's possession of marijuana and methamphetamine, that the evidence was sufficient to support the conviction, and that the sentence imposed was not cruel and unusual punishment.

AFFIRMED.

---

5. The evidence established that defendant falsely told the patrolman that he was going fishing. At trial he claimed that he was going to New York to bring back two girls to California. On cross examination, he stated that when he left California he did not know he was going to New York. While he first testified that his passenger Hid–Lopez was in charge of everything, he also told a detective that Hid–Lopez did not know anything about the situation and was just along for the ride.

6. In order to impose enhanced sentencing, 21 U.S.C. § 851 requires the United States to file an information concerning previous convictions to be relied upon.

The evidence established that Nicholson was convicted and sentenced in 1986 in California for conspiracy to sell a controlled substance and for selling and transporting a controlled substance. He was sentenced to four years, was paroled in December 1989, and discharged from parole in January 1991.