47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order
 UNITED STATES of America, Plaintiff-Appellee,
v.
Armando VILLEGAS-VISCAINO, Defendant-Appellant.
 No. 94-2084.
(D.C. No. CR-93-517-JC)
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Armando Villegas-Viscaino appeals the sentence imposed after he pleaded guilty to one count of reentry after deportation, in violation of 8 U.S.C. 1326(a) and (b)(1). Defendant raises a single[2] issue: whether his sixty-month sentence constituted cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 3
 The district court adopted the presentence report recommendation, which calculated a combined offense level of 21 and a criminal history category of V, establishing an imprisonment range of seventy-eight to eighty-seven months. Because the statutorily authorized maximum sentence was less than the minimum applicable guideline imprisonment range, however, the statutorily authorized maximum sentence of sixty months became the guideline range. U.S.S.G. 5G1.1(a). After noting that defendant had two prior deportations following aggravated felony convictions, the court sentenced him to sixty months imprisonment.
 
 
 4
 "The Eighth Amendment requires that a sentence not be disproportionate to the severity of the crime or involve unnecessary infliction of pain." United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir.1993) (citing Solem v. Helm, 463 U.S. 277, 284 (1983)). A sentence within the statutory limits, as was defendant's, is generally not regarded as cruel and unusual. United States v. Nicholson, 17 F.3d 1294, 1299 (10th Cir.1994); Youngpeter, 986 F.2d at 355. In evaluating the proportionality of a sentence we compare the sentence imposed with the gravity of the offense committed, the sentence imposed for similar crimes in the same jurisdiction, and the sentence imposed for similar crimes in different jurisdictions.[3] Solem v. Helm, 463 U.S. 277, 290-92 (1983); United States v. Pena, 920 F.2d 1509, 1517 (10th Cir.1990), cert. denied, 501 U.S. 1207 (1991).[4]
 
 
 5
 Defendant argues that under the first prong of the proportionality test the gravity of his offense did not justify his sentence. He asserts he "was not a man who came over to the United States to smuggle drugs, violate any of the country's substantive laws, or cause trouble of any sort. He illegally entered the United States because he is a man committed to his family." Appellant's Brief in Chief at 5. Although defendant's illegal reentry into this country may not appear serious when viewed in isolation, a sixty-month sentence for reentry after deportation for committing aggravated felonies is not disproportionate. Cf. United States v. Cupa-Guillen, 34 F.3d 860, 864 (9th Cir.1994) (100-month sentence for fourth reentry after deportation for aggravated felonies not so grossly disproportionate as to "shock [court's] sense of justice"), cert. denied, 1994 WL 706549 (No. 94-7182, Jan.17, 1995).
 
 
 6
 Defendant also argues that under the second prong of the proportionality test he received a sentence similar to that for drug offenses such as manufacturing heroin, which he asserts are much more serious crimes. We do not agree that reentry after committing several felonies is necessarily less serious than manufacturing drugs. The "most important factor in [the] decision to uphold the district judge's sentence is the fact that the sentence imposed was permissible under the statute enacted by Congress." United States v. Gourley, 835 F.2d 249, 254 (10th Cir.1987), cert. denied, 486 U.S. 1010 (1988). We conclude that defendant's sentence is not disproportionate under the Eighth Amendment.[5]
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although defendant vaguely asserts the district court should have reduced his sentence for family circumstances, he did not object to the presentence report and made no motions before or at sentencing for departure from the calculated sentencing range. Thus the district court did not abuse its discretion in failing to reduce the sentence below the guideline (here, statutory maximum) range
 Defendant's brief also asserts that defendant "raised an ineffective assistance of counsel claim," but that it is proper for him to raise that claim for the first time collaterally. Appellant's Brief in Chief at 3, n. 4. Our review of the record uncovered no mention of an ineffective assistance of counsel claim in the district court; and we do not reach it here. See Andrews v. Deland, 943 F.2d 1162, 1192-93 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992).
 
 
 [3]
 Defendant properly concedes the third prong of the analysis; the sentence he received is necessarily proportionate to the sentence imposed on similar offenders in different jurisdictions because the district court sentenced him under the mandatory minimum standard, thus assuring equal treatment for all similar offenders. See United States v. Pena, 920 F.2d at 1517 (mandatory minimum sentence makes third prong of proportionality test irrelevant)
 
 
 [4]
 Although the three-part analysis set out in Solem was questioned in Michigan v. Harmelin, 501 U.S. 957 (1991), Solem has not been overruled. We continue to apply the proportionality analysis. See, e.g., United States v. Easter, 981 F.2d 1549, 1556 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993)
 
 
 [5]
 Defendant also asserted that the sentence inflicted "a great deal of pain" by separating him from his family. Appellant's Brief in Chief at 4. The Eighth Amendment protects against barbaric punishment, but the emotional pain suggested by defendant would of course not be considered under that proscription. See Solem v. Helm, 463 U.S. 277 (1983)