UNITED STATES COURT OF APPEALS
**Filed 9/25/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
vs. )    No. 95-4167
)  (D. C. No. 95-CR-21-G)
CLYDE MAESTAS, )     (D. Utah)
)
)
    Defendant-Appellant. )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and EBEL, Circuit Judges.

A jury convicted Defendant Clyde Maestas of armed bank robbery, 18 U.S.C. § 2113(a), (d), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Defendant appeals the district court's denial of his pre-trial motion to suppress evidence seized during an allegedly unconstitutional search of a box containing money and other items from the bank robbery. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

On December 19, 1994, two individuals wearing ski masks and carrying hand guns robbed the Mountain America Credit Union in West Jordan, Utah. They absconded with several thousand dollars, including ten ten-dollar denomination bait bills.

The next day, after the investigation had focused on Defendant, law enforcement officers went to the home of June and Eddie Vigil, Defendant's half-sister and half-brother. Federal Bureau of Investigation Special Agent Michael Christman requested June's and Eddie's consent to search the home. Each signed a written Consent to Search Form, authorizing the investigators to conduct a complete search of the premises, including but not limited to the basement and attached garage.

During the search, Officer Eric Varoz found a box sitting on top of a filing cabinet in the basement. The box was a Xerox box. A white label affixed to the box read "T.C." followed by a number. Part of an envelope attached to the box read "Priscilla," which was the only legible name on the box. Another label on the box read "paints and legal stuff." The lid had adhesive tape on it, but the tape did not secure the lid to the box.

Officer Varoz opened the top of the box by removing the unsecured lid. A bundle of currency wrapped in elastic bands was in plain view. The bundle contained "bait bills" from the robbery. Officer Varoz also discovered miscellaneous paper, cards, and documents, which, after examination, led Officer Varoz to realize that the box belonged to Defendant. Although June and Eddie Vigil knew Defendant had some personal

-2-

belongings in the house, they did not inform investigators until after Officer Varoz searched the box.

## II.

A grand jury returned a three-count indictment charging Defendant Clyde Maestas with armed bank robbery, 18 U.S.C. § 2113(a), (d), carrying or using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Defendant plead not guilty and moved to suppress the currency seized from the box. Citing United States v. Salinas-Cano, 959 F.2d 861 (10th Cir. 1992), he maintained that June and Eddie lacked actual authority to consent to the search of the box. Moreover, he asserted that the police had a duty to inquire because of the presence of the writing on the box, and thus the police had no reasonable belief upon which to base apparent authority.

The district court held a hearing on Defendant's motion in May 1995. The court concluded that this case was distinguishable from Salinas-Cano. It found that nothing placed the searching officers on notice that the box was other than the consenters' property. The district court also noted that nothing indicated that the contents were of a private and sensitive nature; thus, the officers had no duty to inquire. Accordingly, the court denied Defendant's motion to suppress.

Trial convened in July 1995 and a jury found Defendant guilty on Counts one and three of the indictment. The court sentenced Defendant to life imprisonment on Count

one, and fifteen years of imprisonment on Count three.  This appeal followed.

On appeal, Defendant maintains the district court erred in denying his motion to suppress the money seized during the search of his box.  Defendant contends that the Vigils had neither actual nor apparent authority to consent to the officers' search of his box and thus the search violated his Fourth Amendment rights.

The Government responds that the officers could reasonably have concluded under the circumstances that the Vigils had apparent authority to consent to the search of the box.  The Government maintains that the circumstances known to the officers at the time they searched the box raised neither ambiguity of ownership nor indication that the box was owned or controlled by anyone other than June or Eddie Vigil.  Accordingly, the Government contends the officers' search of the box was authorized by a valid third party consent.  We affirm.

### III.

On appeal from "the denial of a motion to suppress, we accept the factual findings of the district court unless they are clearly erroneous." United States v. Botero-Ospina, 71 F.3d 783, 785 (10th Cir. 1995) (en banc), cert. denied, 116 S. Ct. 2529 (1996). Moreover, we view the evidence in a light most favorable to the ruling. United States v. Nicholson, 17 F.3d 1294, 1297 (10th Cir. 1994).  Finally, we review de novo the ultimate question of reasonableness under the Fourth Amendment. United States v. Fernandez, 18 F.3d 874, 876 (10th Cir. 1994).

-4-

Where a warrantless search is conducted, the Government may demonstrate that the search was consensual and thus that Defendant's Fourth Amendment rights were not violated. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990). A third party's consent to a search can be effectual in two circumstances: (1) when the third party has actual authority to give consent or (2) when the third party has apparent authority to provide consent. Id. at 181, 188. However, the "ownership and control of [a house] does not automatically confer authority over containers within it." United States v. Salinas-Cano, 959 F.2d 861, 865 (10th Cir. 1992).

The Government introduced no evidence of June's or Eddie's actual authority to allow a search of the box. Accordingly, the propriety of the search must stand or fall on the question of whether June and Eddie Vigil had apparent authority to consent to the search of the box.

Proof of apparent authority is the Government's burden. Rodriguez, 497 U.S. at 181, 188. The Government must meet an objective standard which asks whether the facts "'warrant[ed] a man of reasonable caution in the belief' that the consenting party had authority over the premises." Id. at 188 (quoting Terry v. Ohio, 392 U.S. 1, 21-22 (1968)). This "burden cannot be met if agents, faced with an ambiguous situation, nevertheless proceed without making further inquiry." Salinas-Cano, 959 F.2d at 864. However, "the Fourth Amendment does not invalidate warrantless searches based on a reasonable mistake of fact." Id. at 865 (quoting United States v. Whitfield, 939 F.2d

1071, 1074 (D.C. Cir. 1991)).

The evidence adduced at the suppression hearing demonstrated that neither June nor Eddie Vigil had identified the box as the defendant's prior to the officer opening it. The box contained several sets of writing including "T.C.," "Priscilla," and "paints and legal stuff." Moreover, the box had tape on it, but the lid was not secured and the box was in a basement--not a bedroom, office, or so on. Based on these facts, we hold that a reasonable officer would not have been put on notice that June and Eddie Vigil did not have the authority to consent to the search of the box. Accordingly, we find that the district court did not err in its denial of Defendant's Motion to Suppress.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge