FILED
United States Court of Appeals
Tenth Circuit

June 28, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
–––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TIMOTHY BLAND,

      Defendant-Appellant.

No. 11-2178
(D.Ct. No. 1:08-CR-01970-JCH-1)
(D. N.M.)

–––––––––––––––––––––––––––––––

**ORDER AND JUDGMENT**[*]

Before **GORSUCH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Timothy Bland pled guilty to one count of possession with intent

–––––––––––––––

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to distribute five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced Mr. Bland to ninety-five months imprisonment and four years supervised release. Mr. Bland appeals his sentence, arguing the district court abused its discretion in quashing his subpoena request for police records regarding his prior murder conviction and erred by following unwarranted disparities between cocaine base (crack) and cocaine (powder) sentences contained in the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Exercising our jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm Mr. Bland's sentence.

## I. Factual and Procedural Background

Because Mr. Bland premises his appeal, in part, on circumstances preceding his instant federal offense, the following background information on his prior felony convictions is useful for our disposition. In 1990, Mr. Bland received a conviction for felony unlawful use of a weapon involving a sawed-off shot gun for which he received no sentence but eighteen months probation; he violated his probation in 1992 when he was convicted of one count of felony murder and two counts of felony attempted murder in the Circuit Court for Cook County, Illinois. He received a sentence of twenty-three years for his murder conviction and eight years imprisonment for his attempted murder convictions; he later unsuccessfully appealed his convictions to an Illinois appellate court. In another action, Mr.

Bland also received an Illinois felony conviction for possession of a controlled substance with intent to deliver $142 worth of crack cocaine for which he received a four-year sentence, to run concurrently with his murder sentence. In January 2003, Illinois authorities paroled Mr. Bland, and his parole was discharged in January 2006.

Regarding the instant offense, on June 26, 2008, an undercover detective with the Albuquerque, New Mexico police department arranged with a known crack cocaine dealer to purchase $200 worth of crack cocaine. The dealer instructed the detective to drive them to a motel where the dealer entered a motel room occupied by Mr. Bland; Mr. Bland was observed opening the door for the dealer, who exited a few minutes later and returned to the detective's vehicle. After they drove to another location, the detective arrested the dealer, who admitted she purchased ten "rocks" of crack from Mr. Bland and he gave her an additional "rock" of crack for bringing him business. Other detectives, conducting surveillance on Mr. Bland's motel room, arrested him after he left his motel room. The detectives recovered approximately nineteen grams of crack cocaine from Mr. Bland's front pants pocket and approximately ten grams of crack cocaine from his front waistband. After his arrest, Mr. Bland admitted he rented the motel room he exited and it contained additional crack cocaine. A search of the room uncovered a drug ledger, $4,200 in cash, and two large chunks

of crack cocaine weighing approximately 112 grams. A later laboratory analysis revealed a total net weight of 132.5 grams of crack cocaine attributable to Mr. Bland.

Following his arrest, Mr. Bland pled guilty to one count of possession with intent to distribute five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Prior to sentencing, a federal probation officer prepared a presentence report calculating Mr. Bland's sentence under the applicable 2009 Guidelines. The probation officer first set Mr. Bland's base level at 30 under the Drug Quantity Table in § 2D1.1 because the 132.5 grams of crack cocaine seized was at least fifty grams but less than 150 grams of crack cocaine. However, she adjusted his offense level to 34 under U.S.S.G. § 4B1.1 as an alternative calculation based on the fact Mr. Bland qualified as a career offender due to his instant felony offense and had at least two prior felony convictions. She then reduced his offense level by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. A total offense level of 31, together with a criminal history category of VI, resulted in an advisory Guidelines range of 188 to 235 months imprisonment.

Mr. Bland filed an objection to the presentence report on an issue which is not the subject of this appeal and further requested a downward departure, in part,

on grounds his criminal history category substantially over-represented the seriousness of his prior convictions. In addition, prior to sentencing, Mr. Bland served a *subpoena duces tecum* on the Chicago Police Department, requesting the investigative file on his murder conviction. After the government filed a motion to quash the subpoena, Mr. Bland responded by asserting an examination of the police file would produce exculpatory evidence in his prior murder conviction and support his claim he lacked effective assistance of counsel which was so egregious it arguably rose to a complete absence of counsel. The district court issued an order granting the government's motion to quash the *subpoena duces tecum* based on Supreme Court and Tenth Circuit precedent which prohibits a defendant from collaterally attacking a prior conviction used to enhance a sentence under the Armed Career Criminal Act, except in circumstances where the defendant completely lacked counsel in the prior case.

At the sentencing hearing, Mr. Bland argued for a variant sentence from the career criminal Guidelines range, requesting a sentence below seventy months imprisonment based on a one-to-one ratio for crack and powder cocaine. After adopting the presentence report findings of fact and its recommended Guidelines calculations, the district court found Mr. Bland's prior murder and drug convictions qualified him as a career offender and his career offender status resulted in an advisory Guidelines range of 188 to 235 months imprisonment.

However, in considering the sentencing factors in 18 U.S.C. § 3553(a), including his criminal history, it voiced its concerns over Mr. Bland's prior drug conviction, observing it involved only $142 worth of crack cocaine and stating it disagreed, based on policy reasons, with increasing Mr. Bland's imprisonment by 118 months under U.S.S.G. § 4B1.1. In determining these circumstances warranted a variance, the district court turned to the degree of variant sentence to impose and noted Mr. Bland's Guidelines range would have been only seventy to eighty-seven months imprisonment without his career offender designation. It also stated that by granting a variance it was not minimizing Mr. Bland's criminal history, noting he previously possessed a sawed-off shotgun, received a murder conviction, and had a pattern of selling crack cocaine, both previously and in the instant offense. The district court then sentenced Mr. Bland to a below-Guidelines sentence of ninety-five months imprisonment and four years supervised release.

## II. Discussion

### A. Prior Murder Conviction

In his first issue, Mr. Bland asserts the district court abused its discretion in denying his motion for a *subpoena duces tecum*. In making this argument, Mr. Bland appears to have abandoned his ineffective assistance of counsel argument but continues to argue the police files he seeks will possibly provide "mitigating"

-6-

evidence with regard to his murder conviction.

We review a trial court's ruling on a *subpoena duces tecum* for an abuse of discretion, which we will not reverse unless it made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances. *See United States v. Nicholson*, 17 F.3d 1294, 1298 (10th Cir. 1994). As the district court in this case explained, both our and Supreme Court precedent prohibit a defendant from collaterally attacking a prior conviction used to enhance a sentence under the Armed Career Criminal Act, except where a defendant completely lacked counsel. *See Custis v. United States*, 511 U.S. 485, 487, 495-96 (1994); *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994). Clearly, Mr. Bland's prior claim of ineffective assistance of counsel did not meet that exception because he failed to plead the threshold requirement of actual denial of counsel, regardless of how ineffective his counsel allegedly was. *See Custis*, 511 U.S. at 494-97; *Garcia*, 42 F.3d at 580-81. Similarly, Mr. Bland's attempt to seek exculpatory or mitigating evidence regarding his prior conviction fails to meet this exception and requires no further discussion, other than to note his request for a *subpoena duces tecum* appears to be nothing more than an improper fishing expedition. *See United States v. Gonzalez-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993). As a result, the district court did not abuse its discretion in granting the government's motion to quash Mr. Bland's *subpoena duces tecum*.

B.  Crack Cocaine Calculation

Mr. Bland also appeals his sentence on grounds the district court erred by following unwarranted disparities between sentences for cocaine base and cocaine powder as contained in the Guidelines.  More specifically, he argues the district court erroneously rejected his argument against applying an eighteen-to-one disparity between such sentences and failed to otherwise make findings of fact about such disparities when it adopted the presentence report.  In support of his arguments, Mr. Bland relies on *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007), and *Spears v. United States*, 555 U.S. 261, 264 (2009), for the proposition that sentencing courts may reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with them.  While Mr. Bland suggests our standard of review is for reasonableness, he does not specifically state whether he is challenging the procedural or substantive reasonableness of his sentence.

We review a sentence for reasonableness, using a deferential abuse of discretion standard.  *United States v. Smart*, 518 F.3d 800, 803, 806 (10th Cir. 2008).  Our reasonableness review "includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence."  *Id.* at 803.  A challenge to the procedural reasonableness of a sentence includes not

only whether the district court properly calculated the sentence under the Guidelines, but whether it treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *See United States v. Sayad,* 589 F.3d 1110, 1116 (10th Cir. 2009). In considering the district court's application of the Guidelines, we review factual findings for clear error and legal determinations *de novo*. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

In turn, substantive reasonableness review involves "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in § 3553(a)."[1] *Sayad*, 589 F.3d at 1116 (internal quotation marks omitted). In reviewing a district court's sentence for substantive reasonableness under the § 3553(a) factors, we give substantial deference to the district court. *Id.* This level of deference is appropriate because the district court has an unquestionable institutional advantage, involving greater familiarity with individual cases and defendants, to consider whether the facts of the case justify a variance under § 3553(a). *See id.*; *United States v. Rita*, 551 U.S. 338, 350

---

[1] The § 3553(a) factors include not only the nature of the offense but the history and characteristics of the defendant as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, to provide the defendant with needed training or treatment, and to avoid unwarranted sentence disparities among defendants. *See* 18 U.S.C. § 3553(a).

(2007). As a result, we have held a district court's sentence is substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable. *See Sayad*, 589 F.3d at 1116.

While Mr. Bland does not expressly state he is challenging the procedural reasonableness of his sentence, he nevertheless argues, in part, that the district court erred in failing to make findings of fact on crack cocaine sentencing disparities, which arguably implicates the procedural reasonableness of his sentence on grounds it is based on clearly erroneous facts. *See id.* In addressing this claim, we consider the 2009 Guidelines used at the time of Mr. Bland's sentence. Section 2D1.1(c) recommends a base offense level of 30 for at least fifty grams but less than 150 grams of crack cocaine.[2] *See* U.S.S.G. § 2D1.1(c) (Drug Quantity Table). In turn, the same Guidelines recommend a base offense level of only 18 for at least 100 but less than 200 grams of cocaine powder. *Id.* This equates into the eighteen-to-one ratio between crack and powder cocaine of which Mr. Bland complains in challenging such sentencing disparities. However, in this case, it is irrelevant which type of cocaine is applied because Mr. Bland qualified as a career offender. As a result, the alternative method of calculating

---

[2] Since Mr. Bland's sentence was imposed, the offense levels for crack cocaine have been reduced, so 132.5 grams of crack cocaine would result in a base offense level of only 28. *See* U.S.S.G. § 2D1.1(c) (2011). However, this change is irrelevant since Mr. Bland's sentence was calculated using the career offender guideline, § 4B1.1.

his offense level for career offenders applies. *See* U.S.S.G. § 4B1.1(b). Under § 4B1.1, the calculation of his offense level is 34 since the statutory maximum for his offense, under 21 U.S.C. § 841(a), was forty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 4B1.1(b). The Guidelines provide that if the offense level under the career offender provision is greater than the otherwise applicable level, then the offense level under § 4B1.1 applies.[3] *See* U.S.S.G. § 4B1.1(b).

Because Mr. Bland qualified as a career offender and his career offender offense level of 34 was greater than the applicable drug quantity level for cocaine (crack or otherwise), neither the district court nor the probation officer erred in calculating Mr. Bland's Guidelines range using § 4B1.1. Because the district court did not use the Drug Quantity Table to calculate Mr. Bland's sentencing range, we discern no error in its failure to expressly discuss such sentencing disparities or otherwise make explicit "findings of fact" on them.[4]

---

[3] As explained in the Guidelines, the United States Sentencing Commission promulgated § 4B1.1(b) because Congress intended career offenders to "receive a sentence of imprisonment at or near the maximum term authorized." U.S.S.G. § 4B1.1 cmt. background.

[4] In addition, the disparities between crack and powder sentences are judicially recognized, warranting no findings of fact on such disparities under the circumstances of this case. *See Kimbrough*, 552 U.S. at 107-09; *Spears*, 555 U.S. at 263-65.

We next turn to the substantive reasonableness of Mr. Bland's sentence. While the district court used his § 4B1.1 career offender status in properly calculating his Guidelines range, it considered the fact his prior felony drug conviction involved only $142 worth of crack cocaine before sentencing him to a variant sentence of ninety-five months imprisonment–far below the Guidelines range of 188 to 235 months imprisonment applicable under § 4B1.1. A review of the sentencing transcript clearly reveals the district court believed the small quantity of crack cocaine on which Mr. Bland was previously convicted tempered his career offender status, warranting a variance.

In determining the appropriate degree of variance, the district court observed Mr. Bland's Guidelines range would have only been seventy to eighty-seven months imprisonment if his career offender status had not applied and expressly stated it disagreed, for policy reasons, in increasing Mr. Bland's imprisonment by as much as 118 months under U.S.S.G. § 4B1.1. In other words, in granting the variant ninety-five-month sentence, the district court considered the difference between the low end of the applicable 188-month sentencing range under § 4B1.1 for career offenders and the low end of the seventy-month sentencing range under § 2D1.1(c) based on drug quantity, which resulted in a difference of 118 months had Mr. Bland not been a career offender. However, in considering this difference as a reference point for determining the degree of the

variance, the district court nevertheless did not use drug quantity to calculate Mr. Bland's Guidelines range and, instead, sentenced him to ninety-five months imprisonment–well above the seventy to eighty-seven months imprisonment recommended for 132.5 grams of crack cocaine under § 2D1.1(c).

It is also apparent from the record on appeal that the district court listened to Mr. Bland's arguments on the eighteen-to-one ratio disparities between crack and powder cocaine before it granted such an extensive below-Guidelines-range sentence. Because the district court noted its policy disagreement with sentencing Mr. Bland to an additional 118 months imprisonment based on his prior felony drug conviction involving only $142 of crack cocaine, we disagree with Mr. Bland's argument it ignored or otherwise rejected his crack cocaine sentencing disparity arguments.

In reviewing the substantive reasonableness of Mr. Bland's sentence, we note he possessed not only a prior murder conviction but two attempted murder convictions. While this history of multiple violent crimes arguably counters Mr. Bland's prior crack cocaine offense for the purpose of determining the degree of variance warranted, we give substantial deference to the district court, which had greater familiarity with both the facts of this case and whether they justified such an extensive variance under 18 U.S.C. § 3553(a). Accordingly, we conclude Mr.

Bland's ninety-five-month sentence is substantively reasonable.


## III.  Conclusion

For these reasons, we **AFFIRM** Mr. Bland's below-Guidelines-range sentence.


        **Entered by the Court:**

        **WADE BRORBY**
        United States Circuit Judge