FILED
United States Court of Appeals
Tenth Circuit

April 25, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD VASQUEZ,

Defendant - Appellant.

No. 10-8051
(D.C. No. 1:09-CR-00359-WFD-2)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **TACHA**, and **EBEL**, Circuit Judges.

---

Richard Vasquez appeals from his conviction and sentence upon a jury verdict of conspiracy to possess with intent to distribute, and to distribute methamphetamine. 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); Aplt. App. at 11. He was sentenced to 156 months' imprisonment and five years' supervised release. Aplt. App. at 605. On appeal, Mr. Vasquez challenges the admission of his own statements and those of other claimed conspirators. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In September 2009, a confidential informant identified Scott Hoffman as a source of methamphetamine. Further investigation led the Wyoming Division of Criminal Investigation ("DCI") to believe that Mr. Vasquez was Mr. Hoffman's source. A search warrant was prepared and authorized. Mr. Vasquez's statements were made on October 17, 2009, when, following the search of Mr. Vasquez's home and his arrest, DCI Special Agent Scott Weischedel interviewed Mr. Vasquez. Id. at 235. The search revealed small quantities of marijuana and cocaine and a plastic spoon that tested positive for cocaine and methamphetamine, along with a scale, plastic bags, six pistols and a rifle, and business cards imprinted with the name "Richard Vasquez Drilling, Inc."–all of which were seized by authorities. Id. at 311-20, 323-24, 335. During his interview with the DCI agent, Mr. Vasquez said he had cocaine in the house but no marijuana or methamphetamine. Id. at 238. He did, however, admit to selling methamphetamine "a long time ago" and that "he had used cocaine and methamphetamine and that he shared it with people but that didn't mean he sold it." Id. at 238-39.

The deadline to file pretrial motions was January 4, 2010. Fed. R. Crim. P. 12(b)(3). Mr. Vasquez moved to exclude the seized cocaine and marijuana as well as any lab reports and testimony referencing them on Fed. R. Evid. 403 and 404(b) grounds. Doc. 62. At the hearing on the motion the district court

informed counsel it would await the foundation offered by the government before ruling. Aplt. App. at 26. The parties proceeded to trial.

Following admission and discussion of Mr. Vasquez's statement to the DCI Agent, the district court expressed some concern in chambers about the voluntariness of the statement, id. at 259, 264, 277, which counsel for the parties discussed at length, id. at 259-75. When the jury reconvened defense counsel made an oral motion to suppress the statement in question. Id. at 278-80. However, ruling on the motion, the district court determined that it was untimely and that Mr. Vasquez failed to establish good cause for failing to file a motion before trial or raise an issue regarding the statement's voluntariness prior to its introduction. Id. at 442-43. The court did issue a limiting instruction to the jury advising them to disregard Mr. Vasquez's statement unless they determined that it was voluntary and giving them several factors to consider in assessing voluntariness. Aplee. App. 31.

Also at trial, co-defendant Scott Hoffman testified that he purchased methamphetamine and marijuana from Shannon Blake, who was not indicted in the case, and that Mr. Blake introduced Mr. Vasquez to Mr. Hoffman as his source. Aplt. App. at 131, 134. Defendant's counsel objected. Id. at 135-40. The district court responded:

> "The Court will allow the testimony of this witness under 801(d)(2)(E) and will make the appropriate findings, as I must, at the conclusion of the evidence in this case. The court is satisfied the

government has laid a satisfactory foundation.

> I'd also note that I've not been asked to do a <u>James</u> hearing in this matter, either orally or in writing; but, nevertheless, I'll make the requisite findings and tie it all up at the end."

<u>Id.</u> at 143.

Mr. Hoffman testified that he purchased methamphetamine directly from Mr. Vasquez after Mr. Blake's arrest and that the two were in frequent phone contact between 2006 and 2009. <u>Id.</u> at 148-50, 152-54, 164-66, 174, 180. He also testified that he purchased marijuana from Mr. Vasquez on one occasion and that Mr. Vasquez had also offered to procure cocaine. <u>Id.</u> at 156. Donna Cate, Mr. Hoffman's girlfriend, testified that she and Mr. Hoffman met Mr. Vasquez through Mr. Blake, that she accompanied Mr. Hoffman to buy methamphetamine from Mr. Vasquez nearly weekly, and that the men used the term "drill bits," which Mr. Hoffman told her was code for methamphetamine. <u>Id.</u> at 352-54, 356. Mr. Vasquez made no objection to this statement.

The court made its Rule 801(d)(2)(E) findings later, during the jury instructions conference, concluding a preponderance of the evidence showed that a conspiracy to sell methamphetamine existed; Mr. Vasquez, Mr. Blake, and Mr. Hoffman were all members of that conspiracy; and the out-of-court statements were made in furtherance of and during the course of that conspiracy. <u>Id.</u> at 475-76, 478-79. With respect to Rule 404(b), the court considered testimony demonstrating that Mr. Vasquez was a source of marijuana, that Mr. Hoffman

purchased marijuana from Mr. Vasquez, and that Mr. Vasquez offered to sell him cocaine. It concluded that these statements were inextricably intertwined with the charged conspiracy and, therefore, outside the ambit of Fed. R. Evid. 404(b). Id. at 482, 521-22. Moreover, the court concluded, Mr. Vasquez opened the door to the introduction of evidence of cocaine and marijuana by putting forth Exhibit X, which listed suspected marijuana and cocaine as among the items seized in Mr. Vasquez's home. Id. at 293-94, 318-20.

## Discussion

On appeal, Mr. Vasquez argues that the district court erred in (1) denying his untimely motion to suppress his own statement, (2) denying his motion to suppress evidence of possession of cocaine and marijuana, and in (3) admitting the statements of his alleged co-conspirators.

A.      Mr. Vasquez's Statement.

Mr. Vasquez argues that the statement made by him was involuntary and, therefore, its admission violated the Fifth Amendment. Aplt. Br. 11. We review the district court's determination that a defendant has waived his right to suppress evidence by failing to make a motion for abuse of discretion. See United States v. Chavez-Marquez, 66 F.3d 259, 261 (10th Cir. 1995).

A trial court is not required to hold a hearing on voluntariness when the issue is not timely raised. Fed. R. Crim. P. 12(b)(3)(C); United States v. Miller,

987 F.2d 1462, 1464 (10th Cir. 1993). Here, Vasquez did not move to suppress his statement until after its admission at trial and did not object to its admission when it was offered. See Miller, 987 F.2d at 1465. His failure to bring a pretrial motion amounted to a waiver under Fed. R. Crim. P. 12(e). See United States v. Hamilton, 587 F.3d 1199, 1213-14 (10th Cir. 2009). Mr. Vasquez's argument that we should consider the waiver under plain error is no longer viable; we recently held that Rule 12(e)'s "good cause" standard is exclusive. United States v. Burke, 633 F.3d 984, 991 (10th Cir. 2011).

B.     Mr. Vasquez's Possession and Sale of Cocaine and Marijuana.

Mr. Vasquez challenges the admission of evidence regarding marijuana and cocaine. His challenge concerns (1) the admission of small quantities seized in his home and (2) Mr. Hoffman's references to sales of marijuana and cocaine implicating Mr. Vasquez. Aplt. Br. 12. He asserts that this evidence led the jury to reach the "inescapable conclusion that [Mr. Vasquez] was well versed in drug dealing and that he was likely to have committed the crimes as charged in the indictment." Aplt. Reply Br. 6. We review a district court's decision on the admission of evidence for an abuse of discretion. Tanberg v. Sholtis, 401 F.3d 1151, 1162 (10th Cir. 2005) (citation omitted). Under this standard we reverse "only if we have a firm and definite belief that the trial court made a clear error in judgment." Id. (internal quotation marks and citation omitted).

Rule 404(b) provides that evidence of other "crimes, wrongs, or acts" is not

admissible to prove character, although it may be admissible for other proper purposes. Fed. R. Evid. 404(b). Even if otherwise admissible, the court may exclude such evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The district court noted that the physical evidence of the cocaine and marijuana would not be excluded under Rule 404(b) because their presence indicated a lack of mistake or innocent purpose. Aplt. App. 473. But in making its determination the court relied on the principle that "Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." United States v. Parker, 553 F.3d 1309, 1314 (10th Cir. 2009) (internal quotation marks and citations omitted). The district court thus concluded that the uncharged acts involving cocaine and marijuana were inextricably intertwined with the conspiracy involving methamphetamine and therefore outside the ambit of Rule 404(b). Aplt. App. 521. The evidence was relevant because it tended to elucidate the relationships among the members of the conspiracy and tended to show their course of dealings. The district court did not abuse its discretion in making this determination. See, e.g., United States v. Nicholson, 17 F.3d 1294, 1298 (10th Cir. 1994). Likewise, the testimony showing that Mr. Hoffman was first introduced to Mr. Blake as a source for marijuana within the time frame of the

charged conspiracy does not fall into the scope of "other crimes, wrongs, or acts" under Rule 404(b) because the marijuana and cocaine transactions were part and parcel of the conspiracy.

Mr. Vasquez also asserts that the probative value of the evidence regarding his possession and sale of cocaine and marijuana is substantially outweighed by the danger of undue prejudice. "Our deferential review applies both to a trial court's threshold determination of relevance under Rule 401 and to its conclusion under Rule 403 that relevant evidence should nonetheless be excluded due to its tendency to cause jury confusion or unfair prejudice." Tanberg, 401 F.3d at 1162 (citation omitted). To the extent that Mr. Vasquez argues the physical evidence of cocaine was prejudicial, this challenge is waived because he stipulated to the trace amounts of methamphetamine and cocaine found in his bedroom. Aplt. App. 314; see United States v. Cruz-Rodriguez, 570 F.3d 1179, 1184 (10th Cir. 2009). And as noted, the testimony including Mr. Vasquez's sale of marijuana and cocaine was highly relevant to demonstrating the course of dealing between Mr. Hoffman and Mr. Vasquez. We therefore conclude it was not an abuse of discretion for the district court to determine that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence.

C.      Mr. Blake and Mr. Hoffman's Out-of-Court Statements.

Federal Rule of Evidence 801(d)(2)(E) provides that "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" is

not hearsay.  Fed. R. Evid. 801(d)(2)(E).  Accordingly, statements of co-conspirators are admissible as substantive evidence against all other members of the conspiracy.  To establish a foundation for admission of evidence pursuant to Rule 801(d)(2)(E) the government must prove the requisite facts by a preponderance of the evidence.  Bourjaily v. United States, 483 U.S. 171, 175 (1987); United States v. Williamson, 53 F.3d 1500, 1517 (10th Cir. 1995).  Mr. Vasquez argues that the district court erred in admitting the testimony of Mr. Hoffman and Ms. Cate because (1) no adequate foundation was provided under Rule 801(d)(2)(E) and (2) Mr. Vasquez was denied the right to cross-examine Mr. Blake, the alleged co-conspirator, in violation of the Confrontation Clause.  Aplt. Br. 13-14.  "[W]hile the ultimate issue of the admission or exclusion of evidence is reviewed for an abuse of discretion, preliminary foundational determinations, such as whether statements offered under Rule 801(d)(2)(E) were made 'during the course of' and 'in furtherance of' a conspiracy, are factual findings, reviewed for clear error."  Williamson, 53 F.3d at 1517 (citation omitted).

"Under Tenth Circuit law, a district court can only admit coconspirator statements if it holds a James hearing or conditions admission on forthcoming proof of a predicate conspiracy through trial testimony or other evidence." United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (internal quotation marks and citation omitted).  We conclude the district court did not abuse its discretion in making its Rule 801(d)(2)(E) findings following the

admission of the statements in question and that its findings were not clearly erroneous. See, e.g., United States v. Cesareo-Ayala, 576 F.3d 1120, 1125 (10th Cir. 2009). The government put forth evidence showing that Mr. Hoffman dealt with Mr. Vasquez both directly and through Mr. Blake. Aplt. App. 132, 148-49. The statements of Mr. Blake and Mr. Hoffman describe direct participation in the conspiracy and, therefore, are not hearsay. See Townley, 472 F.3d at 1275.

The statement of Mr. Blake does not implicate the Confrontation Clause because it is neither hearsay nor testimonial. Accord Giles v. California 554 U.S. 353, 374 n.6 (2008). And even assuming Mr. Blake's statement were improperly admitted, any error would be harmless. See United States v. Burke, 571 F.3d 1048, 1057-58 (10th Cir. 2009). The prosecution put forth ample evidence, and the in-court testimony of Mr. Hoffman and Ms. Cate proved that Mr. Vasquez regularly sold methamphetamine to Mr. Hoffman between 2006 and 2009 regardless of any alleged sale to Mr. Blake.

Finally, Mr. Vasquez waived his challenge on appeal to the admission of Mr. Hoffman's out-of-court statement to Ms. Cate regarding the significance of the term "drillbits" by failing to object during trial and to argue for plain error review in this appeal. See United States v. Solomon, 399 F.3d 1231, 1237-38 (10th Cir. 2005); United States v. Perez, 989 F.2d 1574, 1582 (10th Cir. 1993) (en banc).

We conclude the district court's determination that the defendant waived

his right to suppress his own statements was not an abuse of discretion and its determination that the additional statements in question were made during the course of and in furtherance of a conspiracy and that the declarants were members of that conspiracy was not clear error.

AFFIRMED. Appellant's motion to withdraw his claim for ineffective assistance of counsel is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge