FILED
United States Court of Appeals
Tenth Circuit

March 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICHARD VASQUEZ,

      Defendant - Appellant.

No. 12-8088
(D.C. Nos. 1:11-CV-00240-CAB and
1:09-CR-00359-WFD-2)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Richard Vasquez, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. Exercising jurisdiction under 28

U.S.C. § 1291, we deny his request for a COA and dismiss this matter.

---

    *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Vasquez proceeds pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We cannot, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*.

# I. BACKGROUND

In September 2009, the Wyoming Division of Criminal Investigation ("DCI") used a confidential informant to buy methamphetamine from Scott Hoffman. Further investigation led investigators to believe that Mr. Vazquez was Mr. Hoffman's source. On October 17, 2009, the DCI obtained and executed a warrant to search Mr. Vasquez's home. Agents found six pistols and a rifle, plastic bags, small amounts of cocaine and marijuana, a scale, and a spoon that tested positive for methamphetamine and cocaine.

After the search, a DCI special agent interviewed Mr. Vasquez. Mr. Vasquez admitted that he had cocaine in his home, but not marijuana or methamphetamine, and that he had shared, but not sold, cocaine and methamphetamine.

On November 18, 2009, Mr. Vasquez was indicted for conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On December 3, 2009, he pled not guilty.

On March 8, 2010, Mr. Vasquez's jury trial began. After Mr. Vasquez's statement to the DCI agent was admitted into evidence, defense counsel moved to suppress the statement as involuntary. The district court denied the motion, holding that the motion was untimely and that Mr. Vasquez had not established good cause for failing to file the motion before trial or for failing to raise an issue regarding voluntariness before the statement was introduced.

On March 12, 2010, the jury found Mr. Vasquez guilty. On June 2, 2010, the district court sentenced Mr. Vasquez to 156 months in prison. On June 8, 2010, the

district court entered its judgment.

On June 10, 2010, Mr. Vasquez filed a notice of appeal, arguing that the district court erred in (1) denying his untimely motion to suppress his statement to the DCI agent, (2) denying his motion to suppress evidence of possession of cocaine and marijuana, and (3) admitting statements of his co-conspirators. He also argued that he had received ineffective assistance of counsel, and that the court had a sufficient record to review this claim on direct appeal. On March 11, 2011, Mr. Vasquez filed a motion to drop the ineffective assistance of counsel claim. On April 25, 2011, we affirmed his conviction and sentence and granted the motion to withdraw the ineffective assistance of counsel claim.

On July 11, 2011, Mr. Vasquez filed a 28 U.S.C. § 2255 motion in the district court to vacate, set aside, or correct his sentence. He argued that (1) he was not mentally competent to stand trial because of organic brain damage; (2) his memory problems made it impossible for him to remember his due process rights during his interrogation; and (3) he was denied equal protection of the law as a mentally disabled person because he did not have a hearing to determine if he was competent to stand trial.

On November 29, 2012, the district court entered an order denying Mr. Vasquez's § 2255 motion. The district court noted that Mr. Vasquez could have and failed to raise any of his § 2255 claims on direct appeal. It then discussed whether Mr. Vasquez had shown cause for failing to raise the claims. *See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) ("When a defendant fails to raise an issue on direct appeal,

he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." (quotations omitted)).

The district court noted that (1) Mr. Vasquez's excuse for failing to raise the mental incompetence claim was that he "did not know better," (2) his excuse for not raising the interrogation claim was that he was "[n]ot [c]apable," and (3) he made no excuse for not raising the equal protection claim. ROA at 82-83. The court concluded that these excuses did not demonstrate sufficient cause to excuse Mr. Vasquez's failure to raise the claims and that the claims were therefore procedurally barred. It also denied a COA.

## II. **DISCUSSION**

Mr. Vasquez may not appeal the district court's decision without a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Mr. Vasquez must show that "reasonable jurists would find" that the district court's resolution of any constitutional claim was either "debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a district court dismisses a § 2255 application on procedural grounds, we will issue a COA only if the applicant shows that it is "debatable whether the petition

-4-

states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Mr. Vasquez argues that ineffective assistance of counsel claims may be raised for the first time in a § 2255 proceeding and that it was his counsel's fault that the procedurally barred claims were not raised on direct appeal. But Mr. Vasquez did not make this ineffective assistance claim in his § 2255 application before the district court, and he "has not provided a 'reason to deviate from the general rule that we do not address arguments presented for the first time on appeal.'" *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir. 2002)).

Mr. Vasquez does not otherwise address the district court's conclusion that his claims are procedurally barred. Because he has not demonstrated that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, he has not satisfied the COA standard.

## III. CONCLUSION

For the foregoing reasons, we deny Mr. Vasquez's COA application and dismiss this matter.  Mr. Vasquez's request to proceed *in forma pauperis* is denied.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge