FILED
United States Court of Appeals
Tenth Circuit

October 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

RICHARD VASQUEZ,

      Defendant–Appellant.

No. 13-8062
(D.C. Nos. 1:11-CV-00240-NDF & 1:09-
CR-00359-WFD-2)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Richard Vasquez, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to challenge the district court's refusal to overturn its judgment denying his 28 U.S.C. § 2255 motion.[1] We deny the COA and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In his notice of appeal, Vasquez indicates his intent to appeal the district court's denials of both his Rule 60(b) and Rule 59(e) motions. Because the 59(e) motion challenged the denial of the 60(b) motion, and both motions present the same arguments, we treat this appeal as an application for a COA to challenge the denial of the Rule 60(b) motion.

## I

Following a 2010 jury trial, Vasquez was convicted of conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A). The United States District Court for the District of Wyoming imposed a below-Guidelines sentence of 156 months' imprisonment. Vasquez appealed his conviction, and this court affirmed. United States v. Vasquez, 422 F. App'x 713 (10th Cir. 2011) (unpublished).

Vasquez then filed a § 2255 motion, raising three issues. He alleged that: (1) he was not competent to stand trial due to severe organic brain disorder; (2) his "severe memory problems" impeded his ability to remember due process rights during his interrogation; and (3) he was denied equal protection of the law because he was not given a competency hearing. The district court found all three claims procedurally barred because they were raised for the first time on collateral review and denied the § 2255 motion. This court denied a COA to appeal that ruling on March 20, 2013. United States v. Vasquez, 513 F. App'x 774 (10th Cir. 2013) (unpublished). Vasquez later filed a motion for reconsideration in the district court pursuant to Federal Rule of Civil Procedure 60(b), arguing that the district court should have construed his claims liberally as alleging ineffective assistance of counsel. The district court treated Vasquez's motion as a "true" Rule 60(b) motion rather than a successive § 2255 motion, but denied it for failure to allege extraordinary circumstances as required by the Rule. Vasquez then filed a motion to alter or amend the 60(b) denial pursuant to Rule 59(e), which the district

court also denied.

## II

In order to appeal the denial of a "true" Rule 60(b) motion, an applicant must obtain a COA from this court. Spitznas v. Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2006). We grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For petitions denied on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Vasquez proceeds pro se, we construe his filings liberally, but we do not "assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Vasquez claims that the district court should have construed his § 2255 motion as raising an ineffective assistance of counsel claim. Ineffective assistance claims may be brought in a § 2255 motion, even if they were not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003). However, this court has already ruled that Vasquez failed to advance an ineffective assistance claim in his original § 2255 motion. Vasquez, 513 F. App'x at 776 ("Vasquez did not make this ineffective assistance claim in his § 2255 application before the district court, and he has not provided a reason to

deviate from the general rule that we do not address arguments presented for the first time on appeal." (quotation omitted)).  We agree with the district court that Vasquez waived his ineffective assistance claim by failing to raise it in his original habeas motion. Vasquez's reference to his inability to "assist[ his] trial lawyer in his own defense," even liberally construed, does not constitute a claim of ineffective assistance of counsel. Although Vasquez did raise ineffective assistance arguments in his reply to the government's response brief regarding his § 2255 motion, we have repeatedly held that an argument not raised in appellant's opening brief is waived.  See, e.g., Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 624 (10th Cir. 1998).  We therefore conclude that Vasquez cannot demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Vasquez's motion to proceed in forma pauperis is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge


- 4 -